IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| KURLEY JOHNSON, § | | |
| TDCJ No. 1422624, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 7:19-cv-00047-O-BP | |
| § | | |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Kurley Johnson ("Petitioner") pursuant to 28 U.S.C. § 2254. ECF No. 1. After consideration of the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition **with prejudice** as time-barred.

**I.     BACKGROUND**

Petitioner is confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. ECF No. 1. According to the Petition, Petitioner challenges the validity of his state conviction of three counts of indecency with a child by sexual contact with intent for sexual gratification. *Id.* at 2. He seeks federal habeas relief based on a claim of ineffective assistance of counsel. *Id.* at 6. The Court has not ordered Respondent to file a response in this case.

Sentence for Petitioner was imposed on September 26, 2013. *Id.* at 2; *see also Offender Information Details*, TEXAS DEP'T OF CRIMINAL JUSTICE, https://offender.tdcj.texas.gov/Offender Search/offenderDetail.action?sid= 08981585 (last visited October 2, 2019). Petitioner alleges that

he filed a direct appeal in the 89th District Court of Wichita County, Texas, and that a final decision was rendered on April 16, 2016. ECF No. 1 at 3. Upon review of the state court record, the undersigned finds that Petitioner misstated the court in which he filed the direct appeal and the date on which a final decision was rendered. As shown in the Second Court of Appeal's ("COA") opinion for Petitioner's direct appeal in *Johnson v. State*, No. 02-13-00482-CR, 2015 WL 1792971, at *1 (Tex. App.—Fort Worth Apr. 16, 2015, pet. ref'd), Petitioner filed the direct appeal in the COA in Fort Worth, Texas, and the COA affirmed the trial court's judgment on April 16, 2015. The Texas Court of Criminal Appeals ("TCCA") refused Petitioner's petition for discretionary review ("PDR") on October 7, 2015. ECF No. 1 at 3; *see also Case Information*, COURT OF CRIMINAL APPEALS, http://search.txcourts.gov/Case.aspx?cn=PD-0611-15&coa=coscca (last visited October 2, 2019).

Petitioner also contends that he filed a state habeas application on October 19, 2016, which was denied by the TCCA on November 16, 2016. ECF No. 1 at 3-4; *see also Case Information*, COURT OF CRIMINAL APPEALS, http://search.txcourts.gov/Case.aspx?cn=WR-85,892-01&coa=coscca (last visited October 2, 2019). On May 7, 2019, Petitioner filed the instant Petition for Writ of Habeas Corpus. ECF No. 1.

## II.     LEGAL STANDARD AND ANALYSIS

District courts are permitted to consider, *sua sponte*, the timeliness of a motion filed under 28 U.S.C. § 2254. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

### A.  Petitioner is Time-Barred by the AEDPA Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody

2

pursuant to the judgment of a state court. 28 U.S.C. § 2244(d); *Harrington v. Richter*, 562 U.S. 86, 97 (2011). AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2019).

State law determines the time period within which a prisoner may file a direct appeal of a state conviction. *Roberts v. Cockrell*, 319 F.3d 690, 693–94 (5th Cir. 2003). In Texas, if a defendant does not move for a new trial, he has thirty days after the sentencing date to file a timely notice of appeal. Tex. R. App. P. 26.2(a). If the defendant does not file timely notice of appeal, his conviction becomes final at the end of the thirty-day period. *Id.*; 28 U.S.C. § 2244(d). If the defendant files timely notice of appeal and the appellate court affirms, he has thirty days after the affirming court's judgment to file a petition for discretionary review ("PDR") with the TCCA. Tex. R. App. P. 68.1 and 68.2(a). If the defendant does not file a timely PDR, his conviction becomes final at the end of the thirty-day period. 28 U.S.C. § 2244(d); Tex. R. App. P. 68.2(a). If

the defendant files a timely PDR and the TCCA affirms the conviction or denies review, the defendant may file a petition for writ of certiorari with the Supreme Court of the United States within ninety days of the TCCA's order. U.S. Sup. Ct. R. 13(1); *Roberts*, 319 F.3d at 693 n.14. If the defendant does not file a petition for writ of certiorari, his conviction becomes final at the end of the ninety-day period. 28 U.S.C. § 2244(d); *see* U.S. Sup. Ct. R. 13(1). If the defendant files a timely petition for writ of certiorari, his conviction becomes final on the date the Supreme Court issues an order regarding his conviction. Once his conviction becomes final, the limitation period under § 2244(d)(1)(A) begins to run, so long as §§ 2244(d)(1)(B)–(D) do not apply.

Petitioner was sentenced on September 26, 2013. ECF No. 1 at 2. Following the COA's decision regarding Petitioner's direct appeal, which affirmed the 89th District Court's judgment, the TCCA denied Petitioner's PDR on October 7, 2015. *Id.* at 3. Given that Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court, his conviction became final ninety days later, on January 7, 2016. *Id.* at 3. Consequently, AEDPA's one-year limitation period ended one year later on January 7, 2017. Although AEDPA provides four possible dates on which the limitation period may begin to run, the date on which the judgment became final is the only one relevant here.

### B.  Petitioner is Entitled to Statutory Tolling

Petitioner further alleges that he filed a state habeas application on October 19, 2016, which was denied without written order by the TCCA on November 16, 2016. ECF No. 1 at 3-4. AEDPA provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). Because judgment for Petitioner's state application for writ of habeas corpus remained pending from October 19, 2016

4

to November 16, 2016, the federal limitations period was tolled for twenty-eight days. Accordingly, Petitioner's deadline was extended from January 7, 2017 to February 5, 2017. Notwithstanding this extension, Petitioner filed his petition over two years late.

### C. Petitioner is Not Entitled to Equitable Tolling

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that AEDPA's one-year statute of limitations is subject to equitable tolling). AEDPA's period of limitation may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [Petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

"[T]he circumstances of each case, taken together, must determine whether a particular petitioner was diligent in pursuing his claims and, therefore, entitled to equitable tolling." *Id.* at 606 (quoting *Williams v. Thaler*, 400 Fed. Appx. 886, 890–91 (5th Cir. 2010)). Equitable tolling is not intended for "those who sleep on their rights." *Fisher*, 174 F.3d 710, 715 (5th Cir. 1999) (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Such tolling is an extraordinary remedy that courts extend sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Petitioner does not allege facts to establish any entitlement to equitable tolling. He did not file his state habeas petition for over a year after his conviction became final. Further, he did not file the instant federal petition for over two years after his state application was denied. Petitioner has not sufficiently established that he acted with reasonable diligence in pursuing his claims or that extraordinary circumstances prevented him from timely filing. Accordingly, Petitioner does not show any entitlement to equitable tolling.

### III. CONCLUSION AND RECOMMENDATION

After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition for Writ of Habeas Corpus, ECF No. 1, **with prejudice** as time-barred.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **October 2**, **2019**.

                                                                _____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE